# United States Court of Federal Claims

No. 18-286C
Filed: December 19, 2018

———————————————————————

| | |
|---|---|
| NICOLE DIAZ, | ) |
| | ) |
| Plaintiff, | )     Motion to Dismiss; Failure to State a |
| | )     Claim; Motion for Summary |
| v. | )     Judgment; Statute of Limitations; |
| | )     Breach of Contract |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

———————————————————————

*Michael A. Moulis*, Moulis Aviation Law Office, Fort Lauderdale, FL, counsel for plaintiff.

*Jessica Lee Cole*, U.S. Department of Justice, Civil Division, Washington, D.C., counsel for defendant.

## OPINION AND ORDER

***SMITH*, Senior Judge**

This matter comes before the Court on defendant's Motion to Dismiss.  Plaintiff, Nicole Diaz ("Ms. Diaz"), alleges that the government breached its contractual duty by wrongfully neglecting to change her Standard Form 50 ("SF-50") in accordance with the parties' settlement agreement.  *See generally* Complaint (hereinafter "Compl.").  Ms. Diaz seeks monetary relief in the form of past and future economic damages flowing from the breach, plus costs and fees.  *See* Compl. at 5–6.  The government argues that plaintiff's Complaint must be dismissed because plaintiff fails to show that the breach of the settlement agreement was the proximate cause of her damages, and thus plaintiff fails to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC").  *See* Defendant's Motion to Dismiss (hereinafter "Mot. to Dismiss") at 6.  After careful review and for the reasons that follow, the Court grants defendant's Motion to Dismiss.

## I.     Background

### A.  Factual History

Plaintiff was employed by the Federal Aviation Administration ("FAA") as an Airway Transportation Safety Specialist from September of 2001 until August of 2005.  *See* Compl. at 2.  On August 24, 2005, the FAA discharged Ms. Diaz from her position.  *Id.*  At the time of her termination, she had reached grade GS-11 and her salary was $50,234.  *Id.*  Upon her

termination, she timely appealed her removal with the United States Merit Systems Protection Board ("MSPB"). *Id.* Ms. Diaz and the FAA reached a settlement prior to the MSPB hearing. *Id.* On October 26, 2006, the parties signed and entered into the original settlement agreement, which required the FAA to pay Ms. Diaz $1,800.00 in damages. *See id.* In addition to monetary damages, the agreement mandated that the FAA remove Ms. Diaz's SF-50 form citing "termination" as the cause of her departure and replace it with an SF-50 form citing "resignation" as the cause of her departure. *See* Plaintiff's Exhibit (hereinafter "Pl.'s Ex.") 1 at 2. The removal and replacement of the SF-50 form was to be completed within 30 days of the signing of the agreement. *See id.* at 2.

In 2007, Ms. Diaz applied for a position with the City of Atlanta Government Agency at the Atlanta-Hartsfield Airport. Pl.'s Ex. 3. The application for the job required her to submit a current copy of her SF-50. Compl. at 2. Upon plaintiff's request, the FAA gave Ms. Diaz a copy of her SF-50 still citing "termination" instead of "resignation," and thereby showed the FAA's noncompliance with the settlement agreement. *Id.* at 3. Ms. Diaz notified the FAA on May 15, 2007, of the noncompliance and filed a "Petition for Enforcement" with the MSPB. *See id.* Before the hearing, the parties entered into a second settlement agreement, in which the FAA paid $6,000.00 in damages to Ms. Diaz for breach of the original settlement agreement and agreed to amend the personnel record to reflect resignation. *Id.* The agreement required the FAA to amend the SF-50 by June 6, 2007, but the FAA again failed to correct plaintiff's personnel record. *Id.*

In 2016, Ms. Diaz applied for a FAA Telecommunication position, which required either a copy of her SF-50 or a copy of her Official Personnel File ("OPF") records. *See* Pl.'s Ex. 3. In November of 2016, the National Personnel Records Center sent Ms. Diaz a copy of her paper SF-50 from her OPF after she submitted a request. *See* Pl.'s Ex. 4. Upon receipt, Ms. Diaz discovered the FAA never changed the paper OPF to reflect "resignation." *See* Compl. at 4. The National Personnel Records Center indicated that her personnel record had not been requested for change by the FAA during the past ten years, and no federal or civilian employers had reviewed her personnel file for the last ten years. Pl.'s Ex. 4. On November 7, 2016, Ms. Diaz sent notice to the FAA of its noncompliance with the second settlement agreement and filed her third petition for enforcement of the settlement agreement. Compl. at 4. Prior to the hearing, the FAA offered settlement in the amount of $42,500 with assurances that it would amend Ms. Diaz's record. *Id.* Ms. Diaz declined this offer and submitted a counter-offer. *Id.* Ultimately, the FAA declined Ms. Diaz's counter-offer without any further proposals for settlement. *Id.*

On December 18, 2017, Administrative Law Judge ("ALJ") Richard Vitaris heard the matter and ruled that the FAA's failure to amend Ms. Diaz's SF-50 constituted a material breach of the settlement agreement. *See id.* at 4–5. The ALJ stated, however, that one party's material breach of a settlement agreement merely entitles the non-breaching party to either enforce the settlement agreement or rescind the agreement. *See* Pl.'s Ex. 5 at 4–5. Pursuant to this choice, Ms. Diaz elected not to rescind the settlement agreement. *See id.* at 5. The Agency, the ALJ found, replaced Ms. Diaz's paper SF-50 to indicate "resignation" prior to the administrative hearing. *See id.* at 4. Therefore, the ALJ ruled that no relief could be granted to Ms. Diaz because the FAA had already updated her personnel file, thereby satisfying the conditions of the earlier settlement agreement. *See id.*

### B. Procedural History

On February 23, 2018, Ms. Diaz filed her Complaint with this Court, seeking damages similar to the amount she would have earned from the date of her resignation until the FAA changed her SF-50, had she engaged in federal employment at her prior GS level. Compl. at 5–6. On April 23, 2018, the government filed its Motion to Dismiss, arguing that the Court should dismiss plaintiff's Complaint for failure to state a claim upon which relief could be granted, pursuant to RCFC 12(b)(6). Mot. to Dismiss at 1. Alternatively, the government asks the Court to grant Summary Judgment in its favor, pursuant to RCFC 56. *Id.* On May 21, 2018, plaintiff filed her Response to defendant's Motion to Dismiss. *See generally* Plaintiff's Response to Defendant's Motion to Dismiss (hereinafter "Pl.'s Resp. to Def.'s Mot. to Dismiss"). Additionally, Ms. Diaz filed an affidavit in support of her Response, detailing her failure to secure employment from the City of Atlanta Government Agency in 2007, the FAA in 2011, Norfolk Southern Railroad in 2013, and the FAA again in 2016. *See* Pl.'s Aff. ¶¶ 6, 9, 10. Defendant filed its Reply on June 1, 2018. *See generally* Defendant's Reply in Support of its Motion to Dismiss (hereinafter "Def.'s Reply"). The Court held Oral Argument on defendant's Motion to Dismiss, or in the alternative, for Summary Judgment on August 15, 2018. After Oral Argument, plaintiff filed its Supplemental Brief on October 23, 2018. *See generally* Plaintiff's Supplemental Brief. (hereinafter "Pl.'s Supp. Brief"). On November 13, 2018, defendant filed its Response to plaintiff's Supplemental Brief. *See generally* Defendant's Supplemental Brief (hereinafter "Def.'s Supp. Brief"). Defendant's Motion is fully briefed and ripe for review.

## II.   Standard of Review

This Court's jurisdictional grant is found primarily in the Tucker Act, which provides the Court of Federal Claims with the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). Although the Tucker Act explicitly waives the sovereign immunity of the United States against such claims, it "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, to fall within the scope of the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part).

It is well-settled that a complaint should be dismissed for failure to state a claim upon which relief can be granted "when the facts asserted by the claimant do not entitle him [or her] to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002) (citing *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000)). When considering a motion to dismiss brought under RCFC 12(b)(6), "the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to plaintiff." *Bristol Bay Area Health Corp. v. United States*, 110 Fed. Cl. 251, 259 (2013). Still, the Court must inquire whether the complaint meets the "plausibility" standard, which ascertains whether the complaint adequately states a claim and provides a "showing [of] any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560, 563 (2007). "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

In the alternative, defendant requests summary judgment be granted in its favor, pursuant to RCFC 56. The Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." RCFC 56(a). The moving party has the burden of establishing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 242, 247–49 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if it "may reasonably be resolved in favor of either party." *Id.* at 250. In determining the propriety of summary judgment, the Court will not make credibility determinations and will draw all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

## III.   Discussion

### A. Amendment of Complaint

The Court must first determine whether plaintiff's new factual allegations presented in plaintiff's Affidavit and Supplemental Brief warrant further consideration. *See generally* Pl.'s Supp. Brief; Pl.'s Aff. Rule 15(a)(1) of the RCFC allows parties to amend a pleading once as a matter of course within twenty-one days after service of the pleading, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under RCFC 12(b), (e), or (f)." RCFC 15(a)(1). Rule 15(a)(1) is inapplicable in this case, as plaintiff filed her Affidavit more than twenty-one days after service of the responsive pleading. In other cases, RCFC 15(a)(2) states "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." RCFC 15(a)(2). "In the absence of any apparent or declared reason—such as . . . futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1158 (Fed. Cir. 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "This court has found that granting leave to amend a pleading would be futile if the amended complaint would fail to state a claim upon which relief can be granted." *Chapman v. United States*, 130 Fed. Cl. 216, 219 (2017) (citing *Marchena v. United States*, 128 Fed. Cl. 326, 330 (2016)). Additionally, "[a] claim that is barred by the statute of limitations would be futile." *See Chapman*, 130 Fed. Cl. at 219. Here, defendant argues that if the Court were to consider plaintiff's additional allegations, the arguments would be futile because plaintiff's facts indicate that her claim is barred by the statute of limitations. *See* Def.'s Reply at 1. The Court agrees with defendant's argument.

### 1.  Plaintiff's Affidavit

In her Affidavit, Ms. Diaz acknowledges that she knew of the breach in August of 2009. *See* Pl.'s Aff. ¶ 8. Every claim over which this Court has jurisdiction is subject to a six-year statute of limitations from the date such claim first accrues. 28 U.S.C. § 2501. Pursuant to the

4

Tucker Act, a claim accrues when a claimant knew or should have known that his or her claim existed. 28 U.S.C. § 1491(a)(1); *Banks v. United States*, 741 F.3d 1268, 1279–80 (Fed. Cir. 2014). In other words, "[a] cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the [claimant] to bring suit, [*i.e.*,] when 'all events have occurred to fix the government's alleged liability, entitling the claimant to demand payment and sue [to recover] his money.'" *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc) (quoting *Nager Elec. Co. v. United States*, 368 F.2d 847, 851 (Ct. Cl. 1966)).

Here, plaintiff asserts a breach of contract claim. Compl. at 5. "Claims for breach of contract generally accrue at the time of the breach." *Patton v. United States*, 64 Fed. Cl. 768, 774 (2005) (citing *Brighton Vill. Assocs. v. United States*, 52 F.3d 1056, 1060 (Fed. Cir. 1995)). "A claim does not accrue, however, 'unless the claimant knew or should have known that the claim existed.'" *Patton*, 64 Fed. Cl. at 774 (citing *Kinsey v. United States*, 852 F.2d 556, 557 n.1 (Fed. Cir. 1988)). The FAA was required to amend the SF-50 by June 6, 2007, and the failure to amend the document after this date constituted a breach of the settlement agreement. Compl. at 3. The claim, however, did not accrue until plaintiff knew of the breach, which occurred in August 2009, as shown by plaintiff's Affidavit. *See* Pl.'s Aff. ¶ 8. Accordingly, amending plaintiff's Complaint by adding Ms. Diaz's Affidavit would be futile as the Court finds that plaintiff must have filed her Complaint with this Court by, at the latest, August 2015, due to her knowledge of the breach in August 2009.

### 2.  Plaintiff's Supplemental Brief

Additionally, plaintiff provides no basis for this Court's jurisdiction in her Supplemental Brief. *See generally* Pl.'s Supp. Brief. In her brief, plaintiff alleges fraud and claims she did not become aware of the fraudulent conduct until 2016 or 2017. *See* Pl.'s Supp. at 7. Defendant argues that the Court cannot consider plaintiff's fraud allegations due to the jurisdiction of this Court. *See* Def.'s Supp. Brief at 2. Fraud has long been considered a tort. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997); *L'Enfant Plaza Properties, Inc. v. United States*, 645 F.2d 886, 892 (Ct. Cl. 1981); *Kant v. United States*, 123 Fed. Cl. 614, 616 (2015). Importantly, this Court does not have jurisdiction over tort claims. *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort."). However, "[i]f contractual relations exist, the fact that the alleged breach is also tortious does not foreclose Tucker Act jurisdiction." *Fountain v. United States*, 192 Ct. Cl. 495, 498 (1970) (citing *Burtt v. United States*, 176 Ct. Cl. 310, 314 (1966)). Therefore, this Court retains jurisdiction over breaches of contract actions where the alleged breach is tortious. *See Olin Jones Sand Co. v. United States*, 225 Ct. Cl. 741, 745 (1980) ("[A] claim is based on breach of contract it is properly within the jurisdiction of this court even though it also alleges that defendant engaged in tortious conduct in breaching the contract."). Here, plaintiff's primary claim is a breach of contract action. *See generally* Compl. However, "damages arising from defendant's alleged breach must still be limited to compensation for those injuries directly related to completion of the contract in question." *Olin Jones Sand Co.*, 225 Ct. Cl. at 745. Therefore, while plaintiff's allegations of fraud do not divest this Court of jurisdiction over plaintiff's breach of contract claim, this Court does not retain jurisdiction to hear plaintiff's separate claims of fraud.

Additionally, plaintiff argues that the continuing claim doctrine should apply. *See* Pl.'s Supp. Brief at 8. In order to fall within the scope of the continuing claim doctrine, "plaintiff's claim must be inherently susceptible to being broken down into a series of independent and distinct events or wrongs, each having its own associated damages." *Brown Park Estates-Fairfield Dev. Co. v. United States*, 127 F.3d 1449, 1456 (Fed. Cir. 1997). Conversely, "[w]here 'plaintiffs really only pointed to one alleged wrong by the government . . . even though it may have had later adverse effects,' the continuing claim doctrine will not apply and the statute of limitations will begin to accrue on the date of that single event." *Dalles Irrigation Dist. v. United States*, 71 Fed. Cl. 344, 351 (2006) (quoting *Brown Park*, 127 F.3d at 1457). In the case at bar, plaintiff merely cites potential employment opportunities as distinct and independent events stemming from the government's breach of the settlement agreement. *See* Pl.'s Supp. Brief at 10.

Defendant responds by arguing that the continuing claim doctrine does not apply in this case, as there was only one distinct event that occurred—the failure of the government to update Ms. Diaz's paper OPF. *See* Def.'s Supp. Brief at 4. The Court agrees with that assessment and finds that the continuing claim doctrine does not apply. As stated above, the continuing claim doctrine only applies when plaintiff's claim may be broken down into a series of independent and distinct events. *See Brown Park*, 127 F.3d at 1456. Here, the government's failure to correct plaintiff's SF-50 is the only distinct event leading to damages. Ms. Diaz's failure to secure employment from various potential employers are not distinct events that warrant the application of the continuing claim doctrine. Accordingly, plaintiff failed to file her Complaint within the applicable six-year statute of limitations. As such, any amendment to plaintiff's Complaint would be futile. Therefore, the Court denies plaintiff's motion to amend the Complaint.

## B. Breach of Contract Claim

Pursuant to the Tucker Act, this Court has jurisdiction to hear claims brought against the government based upon "express or implied contract[s]." 28 U.S.C. § 1491(a)(1); *see also Mendez v. United States*, 121 Fed. Cl. 370, 378 (2015). In order for plaintiff to recover damages for a breach of contract claim, plaintiff "must allege and establish: (1) a valid contract between the parties; (2) an obligation or duty arising out of that contract; (3) a breach of that duty; and (4) damages caused by the breach." *Westover v. United States*, 71 Fed. Cl. 635, 640 (2006) (quoting *San Carlos Irrigation & Drainage Dist. v. United States*, 877 F.2d 957, 959 (Fed. Cir. 1989)). Moreover, "[a] complaint fails to state a claim upon which relief can be granted 'if the facts asserted by the claimant do not entitle him to a legal remedy.'" *Westover*, 71 Fed. Cl. at 640.

Plaintiff asserts that the FAA violated the settlement agreement for ten years and, as a result, materially breached the contract. Compl. at 5. In response, the government argues that Ms. Diaz failed to allege and establish damages resulting from any breach of the settlement agreement and, therefore, cannot recover from a breach of contract action. Mot. to Dismiss at 6–7 (citing *Westover v. United States*, 71 Fed. Cl. 635, 640 (2006) (quoting *San Carlos Irrigation & Drainage Dist. v. United States*, 877 F.2d 957, 959 (Fed. Cir. 1989))). Plaintiff argues that the specific damages she claimed in her Complaint stem from the fact that she was required to

submit paper copies of her SF-50 to potential employers.  Pl.'s Opp'n to Def.'s Mot. to Dismiss at 5 (hereinafter "P's Resp.").  Plaintiff concludes that potential future employers requesting copies of her SF-50 deterred her from seeking employment from federal government agencies or private employers that might request this information.  *Id.*  The Court is not persuaded by that argument.

Neither party raises an argument concerning the validity of the settlement agreement between Ms. Diaz and the FAA.  *See generally* Compl.; Mot. to Dismiss.  Additionally, the parties agreed that an obligation arose out of the settlement agreement, which required the FAA to change Ms. Diaz's SF-50, and the FAA breached the settlement agreement when it failed to change Ms. Diaz's status.  *Id.*  Plaintiff, however, fails to show the causal link between the breach of the settlement agreement and the damages she seeks.  A representative of the U.S. National Archives and Records Administration ("NARA") told Ms. Diaz that no potential employers had requested a copy of her OPF in the last ten years.  *See* Pl.'s Ex. 4.  Additionally, while plaintiff lists various positions that allegedly denied her employment, plaintiff presents no evidence that she submitted her deficient SF-50 to any of these potential employers.  *See* Pl.'s Ex. 3.  Plaintiff proffers no evidence showing the FAA's breach of the settlement agreement had an impact on her failure to secure employment.  Absent any evidence of a causal relationship between the deficient SF-50 and Ms. Diaz's failure to obtain employment, the Court cannot find that the failure of the FAA to correct Ms. Diaz's SF-50 resulted in plaintiff's alleged harm.  Accordingly, plaintiff fails to adequately assert a claim for breach of contract, and the Court must dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(6).

## IV.    Conclusion

Construing the facts in the light most favorable to Ms. Diaz, the nonmoving party, the Court finds that plaintiff failed to show that the FAA's failure to update her paper SF-50 caused the damages plaintiff seeks.  Accordingly, plaintiff has failed to state a claim upon which relief can be granted, pursuant to RCFC 12(b)6.

For the reasons set forth above, defendant's MOTION to Dismiss is **GRANTED**.  The Court directs the Clerk of Court to enter judgment in favor of defendant, consistent with this Order.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge